1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   GREG L. JOHNSON, SB# 132397
2    E-Mail: Greg.Johnson@lewisbrisbois.com
   TIMOTHY J. NALLY, SB# 288728
3    E-Mail: Timothy.Nally@lewisbrisbois.com
   2850 Gateway Oaks Drive, Suite 450
4  Sacramento, California 95833
   Telephone: 916.564.5400
5  Facsimile: 916.564.5444

6  Attorneys for Defendant BP VENTURE
   MANAGEMENT, INC.

7

8

9               UNITED STATES DISTRICT COURT

10       EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

11

12 | RICHARD WUEST, individually and on | CASE NO.
   | behalf of a class of similarly situated |
13 | individuals, | **NOTICE OF REMOVAL**

14 |                 Plaintiffs, | Trial Date:          None Set

15 |      vs.

16 | BP VENTURE MANAGEMENT, INC., and
   | DOES 1 through 10 inclusive,
17 |
   |                 Defendants.
18

19       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20 EASTERNDISTRICT OF CALIFORNIA, SACRAMENTO DIVISION:

21       Defendant BP VENTURE MANAGEMENT, INC. ("Defendant") files this notice of

22 removal pursuant to 28 U.S.C. §§ 1441 and 1446.

23       **STATEMENT OF FACTS ENTITLING DEFENDANTS TO REMOVAL**

24       1.     On May 28, 2013, an action was filed in the Superior Court of the State of

25 California in and for the County of Sacramento, entitled Richard Wuest, individually and on

26 behalf of a class similarly situated v. BP Venture Management, Inc., and Does 1 through 10,

27 Inclusive. The case number is 34-2013-00145559. A true and correct copy of the summons and

28 complaint is attached hereto as Exhibit A.

4834-3104-0021.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2.     Defendant BP Venture Management, Inc., was served with a copy of the initial complaint and summons on Saturday, July 13, 2013. Plaintiff appears to have filed a First Amended Complaint in this action on July 24, 2013. Plaintiff's counsel provided a courtesy copy to Defendant's counsel, but indicated to Defendant's counsel that the First Amended Complaint would be served on Defendant's registered agent for serve of process. As of the date of the filing of this Notice, Defendant's registered agent has not been served with the First Amended Complaint. A copy of the First Amended Complaint is attached hereto as Exhibit B.

3.     This action is a civil action of which this Court has original jurisdiction under the laws of the United States, pursuant to 28 U.S.C. § 1331, as it seeks damages for alleged violations of the Fair and Accurate Credit Transaction Act ("FACTA"), Pub. L. 108-159 (codified as 15 U.S.C. 1681, et seq.).

4.     Furthermore, this is an action which may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1446 and 1453, which permits removal of class action lawsuits based on minimal diversity and when the amount in controversy exceeds $5,000,000.

5.     Plaintiff seeks to represent a class of "[a]ll persons in the United States to whom, on or after June 4, 2008, Defendant provided an electronically printed receipt at the point of sale or transaction on which Defendant printed the expiration date of the person's credit or debit card," in violation of FACTA. The sole named Defendant in this action, BP Venture Management, Inc., has its principal place of business in the state of California.

6.     The matter in controversy purportedly exceeds the sum or value of $5,000,000, exclusive of interest and costs, as it seeks statutory damages for alleged violations of FACTA, in the amount of $100-$1,000, for a class period extending back five years, as well as punitive damages. Defendant transacts thousands of credit and debit card transactions each week, and hundreds of thousands of transactions over the course of the putative class period.

7.     Defendant will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal with the Superior Court of California, County of Sacramento, as further required by that Section.

8.     The undersigned counsel for Defendant has read the foregoing and signs this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28

2  U.S.C. Section 1446(a).

3       WHEREFORE, Defendant BP Venture Management prays that Case No. 34-2013-

4  00145559 now pending in the Superior Court of the State of California for the County of

5  Sacramento, be removed therefrom to this Court.

6

7  DATED: August 12, 2013          LEWIS BRISBOIS BISGAARD & SMITH LLP

8

9

10                              By: _____
                                 Greg L. Johnson

11                               Attorneys for Defendant BP VENTURE
                                 MANAGEMENT, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-3104-0021.1

## FEDERAL COURT PROOF OF SERVICE

Wuest v. BP Venture Management, Inc., et al. - File No.

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2850 Gateway Oaks Drive, Suite 450, Sacramento, CA 95833. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 12, 2013, I served the following document(s): NOTICE OF REMOVAL

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

### SEE ATTACHED SERVICE LIST

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 12, 2013, at Sacramento, California.

_____

Lola C. McCutcheon

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-3104-0021.1

1

**SERVICE LIST**
**Wuest v. BP Venture Management, Inc., et al.**

2

3

Eric A. Grover                                              **Attorneys for Plaintiff RICHARD WUEST**

4   Kathleen R. Scanlan
    KELLER GROVER LLP

5   1965 Market Street
    San Francisco, CA  94103

6   Telephone:  (415) 543-1305
    Facsimile:  (415) 543-7861

7

Steven L. Miller                                           **Attorneys for Plaintiff RICHARD WUEST**

8   STEVEN L. MILLER, A PROFESSIONAL
    LAW CORPORATION

9   2945 Townsgate Road, Suite 200
    Westlake Village, CA  91361

10  Telephone:  (818) 986-8900
    Facsimile:  (818) 581-2907

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-3104-0021.1

NOTICE OF REMOVAL

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

BP Venture Management, Inc., and DOES 1 through 10 inclusive.

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

RICHARD WUEST, individually and on behalf of a class of similarly situated individuals.

FILED
Superior Court Of California,
Sacramento
06/20/2013
cleurgans
By _____ , Deputy
Case Number:
34-2013-00145559

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br><br>Sacramento County Superior Court, Gorden D. Schaber Courthouse<br>720 9th Street, Sacramento, CA 95814 | CASE NUMBER:<br>(Número del Caso): |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Eric A. Grover (SBN 136080), KELLER GROVER LLP, 1965 Market St., San Francisco, CA (415)543-1305

| DATE: JUN 20 2013 | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [✓] on behalf of (specify):

under: [✓] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

RECEIVED
IN DROP BOX

2013 MAY 28  PM 2: 47

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

DEPARTMENT 35

FILED
Superior Court Of California,
Sacramento
05/28/2013
cleurgans
By _____ , Deputy
Case Number:
34-2013-00145559

1   ERIC A. GROVER (SBN 136080)
2   eagrover@kellergrover.com
    **KELLER GROVER LLP**
3   1965 Market Street
    San Francisco, California 94103
4   Telephone:  (415) 543-1305
    Facsimile:   (415) 543-7861
5
6   STEVEN L. MILLER (SBN 106023)
    stevenlmiller@gmail.com
7   **STEVEN L. MILLER,**
    **A PROFESSIONAL LAW CORP.**
8   2945 Townsgate Road, Suite 200
    Westlake Village, California 91361
9   Telephone:  (818) 986-8900
    Facsimile:   (866) 581-2907
10
11  Attorneys for Plaintiff
    RICHARD WUEST
12
13           SUPERIOR COURT OF THE STATE OF CALIFORNIA
14              IN AND FOR THE COUNTY OF SACRAMENTO
15
16  RICHARD WUEST, individually and on behalf)   Case No:
    of a class of similarly situated individuals,  )
17                                               )   CLASS ACTION
                    Plaintiffs,                  )
18                                               )   **COMPLAINT FOR DAMAGES AND**
            v.                                   )   **INJUNCTIVE RELIEF**
19                                               )
    BP VENTURE MANAGEMENT, INC., and            )
20  DOES 1 through 10 inclusive,                )   **DEMAND FOR JURY TRIAL**
                                                 )
21                  Defendants.                  )
                                                 )
22                                               )   **BY FAX**

(left margin, vertical) KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

23
24
25
26
27
28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1   Individual and representative Plaintiff RICHARD WUEST ("Plaintiff"), on behalf of

2   himself and all others similarly situated (the "Class" or "Plaintiff's Class"), complains of

3   Defendants BP VENTURE MANAGEMENT, INC. ("Defendant") and Does 1 through 10 (all

4   referred to collectively as "Defendants") as follows:

5   ## JURISDICTION AND VENUE

6   1.      This Court has personal jurisdiction over the parties because Plaintiff is a

7   resident of Sacramento County, California and Defendants have systematically and

8   continuously conducted business in the state of California.

9   2.      Venue is proper in this Court because Defendant BP Venture Management,

10   Inc.'s principal place of business is located within Sacramento County and the transaction

11   giving rise to this Complaint occurred in Sacramento County.

12   ## PARTIES

13   3.      Plaintiff Richard Wuest is and at all times relevant hereto was a resident of the

14   State of California, County of Sacramento

15   4.      Defendant BP Venture Management, Inc. ("Defendant") is a California

16   corporation with its headquarters located in Sacramento, California.   Defendant operates

17   numerous Little Caesars pizza restaurant locations within California.

18   ## FACTUAL BASIS

19   5.      In 2003, Congress passed and the President signed, the Fair and Accurate

20   Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit

21   card fraud.   In the statement provided by the President during the signing of the bill, the

22   President declared that:

23   "This bill also confronts the problem of identity theft.   A growing

24   number of Americans are victimized by criminals who assume

25   their identities and cause havoc in their financial affairs.   With this

26   legislation, the Federal Government is protecting our citizens by

27   taking the offensive against identity theft."

28

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF                                    1                              CASE NO.

6.      A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act) provides that:

> "Except as provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or the expiration date</u> upon any receipt provided to the cardholder at the point of sale or transaction." Emphasis added.

7.      FACTA was signed into law on December 4, 2003, but did not become fully effective until December 4, 2006.  Despite this three year window provided to merchants in order to bring their point of sale machines into compliance with FACTA, many merchants did not become compliant and faced liability.  In response, the Credit and Debit Card Receipt Clarification Act of 2007 (the "Clarification Act") was enacted to provide additional time for merchants to become compliant.  The Clarification Act does not actually "clarify" anything, it merely delayed liability for violations.  In accordance with the Clarification Act, beginning June 4, 2008, a merchant that prints a credit or debit card's expiration date on an electronically generated receipt given to a customer is in violation of FACTA, even if the credit card or debit card number is properly truncated. *See* 15 U.S.C. 1681n(d).

8.      On March 24, 2013, Plaintiff Richard Wuest used a personal visa debit card to make a purchase at Defendants' location at 2833 Zinfandel Drive, Rancho Cordova, California 95670.  A couple of minutes later, Plaintiff Wuest used a different personal credit card to make an additional purchase because he thought that his original purchase might not be enough to feed his family.  The expiration date of his debit card and credit card were printed on the applicable receipts generated and provided to him at the point of sale, in violation of 15 U.S.C. § 1681c(g).

9.      Plaintiff is informed and believes, and based thereon alleges, that Defendants print the entire expiration date on receipts provided to its customers for credit and debit card transactions since at least June 4, 2008.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF                                    2                          CASE NO.

10.     Despite having years to become compliant with FACTA, Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by continuing to print the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendants.

11.     Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendants based on Defendants' violation of 15 U.S.C. §§ 1681 *et seq.*

12.     Plaintiff seeks, on behalf of himself and the class, statutory damages, punitive damages, costs and attorneys' fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 *et seq.*, and a permanent injunction enjoining Defendants from continuing their unlawful practice of willfully violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud.

## CLASS ALLEGATIONS

13.     Plaintiff brings this class action on behalf of the following class:

> All persons in the United States to whom, on or after June 4, 2008,
> Defendants provided an electronically printed receipt at the point
> of a sale or transaction on which Defendants printed the expiration
> date of the person's credit or debit card.

14.     Plaintiff reserves the right to modify the definition of the class after further discovery. This action is brought and may properly be maintained as a class action pursuant to Cal. Civ. Proc. Code § 382. This class action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

15.     The class Plaintiff seeks to represent, as described above, contains numerous members and is clearly ascertainable. Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend or modify the class description with greater specificity or further division into additional sub-classes or limitation to particular issues.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

16. The questions raised herein are of common or general interest to the Class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

17. Plaintiff's claims are typical of those of the class, as Plaintiff now suffers and has suffered in the past from the same violations of the law as other putative Class members. Plaintiff has retained competent counsel to represent himself and the class, and Plaintiff will fairly and adequately represent the interests of the class.

18. This action may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class and subclasses are easily ascertainable.

19. Numerosity: The class described above in paragraph 13 is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Class members through this class action will benefit both the parties and this Court.

20. Plaintiff is informed and believes, and thereon alleges, that there are, at minimum, hundreds of members of the proposed class described in paragraph 13.

21. The exact size of the class and the identities of the individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' sales and transaction records.

22. Class members may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

23. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting the Class members.

24. The questions of fact and law common the Class predominate over questions which may affect individual members and include the following:

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY TRIAL DEMAND**

Plaintiff, on behalf of himself and the putative members of the Class, demand a trial by jury on all claims and causes of action to which they are entitled to a jury trial.

Dated: May 25, 2013

KELLER GROVER LLP

By: _____
ERIC A. GROVER

*Counsel for Plaintiff*
RICHARD WUEST

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

10

CASE NO.

RECEIVED
IN DROP BOX

2013 MAY 28 PM 2: 47

[illegible stamp]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

# EXHIBIT B

1   ERIC A. GROVER (SBN 136080)
    eagrover@kellergrover.com
2   KATHLEEN R. SCANLAN (SBN 197529)
    kscanlan@kellergrover.com
3   **KELLER GROVER LLP**
4   1965 Market Street
    San Francisco, California 94103
5   Telephone:  (415) 543-1305
    Facsimile:  (415) 543-7861
6

7   STEVEN L. MILLER (SBN 106023)
    stevenlmiller@gmail.com
8   **STEVEN L. MILLER,**
    **A PROFESSIONAL LAW CORP.**
9   2945 Townsgate Road, Suite 200
    Westlake Village, California  91361
10  Telephone:  (818) 986-8900
11  Facsimile:  (866) 581-2907

12  Attorneys for Plaintiff
    RICHARD WUEST
13

14          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15              **IN AND FOR THE COUNTY OF SACRAMENTO**

16

17  RICHARD WUEST, individually and on behalf    Case No:  34-2013-00145559-CU-MC-GDS
    of a class of similarly situated individuals,
18                                                **CLASS ACTION**
                        Plaintiffs,
19                                                **FIRST AMENDED CLASS ACTION**
          v.                                      **COMPLAINT FOR DAMAGES AND**
20  BP VENTURE MANAGEMENT, INC., and              **INJUNCTIVE RELIEF**
    DOES 1 through 10 inclusive,
21
                                                  Dept:   35
22                      Defendants.               Judge:  The Honorable Alan G. Perkins
23
                                                  Action Filed:   May 28, 2013
24                                                FAC Filed:      July 24, 2013
25
26
27
28

FIRST AMENDED CLASS ACTION
COMPLAINT                                        CASE NO. 34-2013-00145559-CU-MC-GDS

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

FILED
Superior Court Of California,
Sacramento
07/24/2013
vdavis
By_____, Deputy
Case Number:
34-2013-00145559

RECEIVED
JUL 24 2013
DEPT 35

1    Individual and representative Plaintiff RICHARD WUEST ("Plaintiff"), on behalf of

2    himself and all others similarly situated (the "Class" or "Plaintiff's Class"), complains of

3    Defendants BP VENTURE MANAGEMENT, INC. ("Defendant") and Does 1 through 10 (all

4    referred to collectively as "Defendants") as follows:

## JURISDICTION AND VENUE

6    1.    This Court has personal jurisdiction over the parties because Plaintiff is a

7    resident of Sacramento County, California and Defendants have systematically and

8    continuously conducted business in the state of California.

9    2.    Venue is proper in this Court because Defendant BP Venture Management,

10   Inc.'s principal place of business is located within Sacramento County and the transaction

11   giving rise to this Complaint occurred in Sacramento County.

## PARTIES

13   3.    Plaintiff Richard Wuest is and at all times relevant hereto was a resident of the

14   State of California, County of Sacramento

15   4.    Defendant BP Venture Management, Inc. ("Defendant") is a California

16   corporation with its headquarters located in Sacramento, California.   Defendant operates

17   numerous Little Caesars pizza restaurant locations within California.

## FACTUAL BASIS

19   5.    In 2003, Congress passed and the President signed, the Fair and Accurate

20   Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit

21   card fraud.   In the statement provided by the President during the signing of the bill, the

22   President declared that:

23        "This bill also confronts the problem of identity theft.  A growing

24        number of Americans are victimized by criminals who assume

25        their identities and cause havoc in their financial affairs.  With this

26        legislation, the Federal Government is protecting our citizens by

27        taking the offensive against identity theft."

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

6. A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act) provides that:

> "Except as provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." Emphasis added.

7. FACTA was signed into law on December 4, 2003, but did not become fully effective until December 4, 2006. Despite this three year window provided to merchants in order to bring their point of sale machines into compliance with FACTA, many merchants did not become compliant and faced liability. In response, the Credit and Debit Card Receipt Clarification Act of 2007 (the "Clarification Act") was enacted to provide additional time for merchants to become compliant. The Clarification Act does not actually "clarify" anything, it merely delayed liability for violations. In accordance with the Clarification Act, beginning June 4, 2008, a merchant that prints a credit or debit card's expiration date on an electronically generated receipt given to a customer is in violation of FACTA, even if the credit card or debit card number is properly truncated. *See* 15 U.S.C. 1681n(d).

8. On March 24, 2013, Plaintiff Richard Wuest used a personal visa debit card to make a purchase at Defendants' location at 2833 Zinfandel Drive, Rancho Cordova, California 95670. A couple of minutes later, Plaintiff Wuest used a different personal credit card to make an additional purchase because he thought that his original purchase might not be enough to feed his family. The expiration date of his debit card and credit card were printed on the applicable receipts generated and provided to him at the point of sale, in violation of 15 U.S.C. § 1681c(g).

9. Plaintiff is informed and believes, and based thereon alleges, that Defendants print the entire expiration date on receipts provided to its customers for credit and debit card transactions since at least June 4, 2008.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

10.    Despite having years to become compliant with FACTA, Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by continuing to print the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendants.

11.    Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendants based on Defendants' violation of 15 U.S.C. §§ 1681 *et seq.*

12.    Plaintiff seeks, on behalf of himself and the class, statutory damages, punitive damages, costs and attorneys' fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 *et seq.*, and a permanent injunction enjoining Defendants from continuing their unlawful practice of willfully violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud.

## CLASS ALLEGATIONS

13.    Plaintiff brings this class action on behalf of the following class:

> All persons in the United States to whom, on or after June 4, 2008, Defendants provided an electronically printed receipt at the point of a sale or transaction on which Defendants printed the expiration date of the person's credit or debit card.

14.    Plaintiff reserves the right to modify the definition of the class after further discovery. This action is brought and may properly be maintained as a class action pursuant to Cal. Civ. Proc. Code § 382. This class action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

15.    The class Plaintiff seeks to represent, as described above, contains numerous members and is clearly ascertainable. Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend or modify the class description with greater specificity or further division into additional sub-classes or limitation to particular issues.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

16. The questions raised herein are of common or general interest to the Class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

17. Plaintiff's claims are typical of those of the class, as Plaintiff now suffers and has suffered in the past from the same violations of the law as other putative Class members. Plaintiff has retained competent counsel to represent himself and the class, and Plaintiff will fairly and adequately represent the interests of the class.

18. This action may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class and subclasses are easily ascertainable.

19. Numerosity: The class described above in paragraph 13 is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Class members through this class action will benefit both the parties and this Court.

20. Plaintiff is informed and believes, and thereon alleges, that there are, at minimum, hundreds of members of the proposed class described in paragraph 13.

21. The exact size of the class and the identities of the individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' sales and transaction records.

22. Class members may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

23. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting the Class members.

24. The questions of fact and law common the Class predominate over questions which may affect individual members and include the following:

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

(a)     Whether Defendants' conduct of providing Plaintiff and the Class members with a sales or transaction receipt whereon Defendants printed the expiration date of the credit or debit card violated the FACTA, 15 U.S.C. §§ 1681, *et seq.*;

(b)     Whether Defendants' conduct was willful within the meaning of FACTA, 15 U.S.C. §§ 1681, *et seq.*;

(c)     Whether Plaintiff and Class members are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendants' acts and conduct; and

(d)     Whether Plaintiff and Class members are entitled to a permanent injunction enjoining Defendants from continuing to engage in unlawful conduct.

25.     Typicality:  Plaintiff's claims are typical of the claims of the Class.  The claims of the Plaintiff and the Class are based on the same legal theories and arise from the same unlawful and willful conduct.

26.     Plaintiff and Class members were each customers of Defendants, each having made a purchase or transacted other business with Defendants on or after June 4, 2008, using a credit card and/or debit card and whom, at the point of such sale or transaction were provided a receipt showing the expiration date in violation of 15 U.S.C. § 1681c(g).

27.     Adequacy of Representation:  Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the class which Plaintiff seeks to represent.  Plaintiff will fairly, adequately and vigorously represent and protect the interests of the Class members and has no interests antagonistic to the members of the Class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

28.     Superiority:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class.  While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by

FIRST AMENDED CLASS ACTION COMPLAINT                    - 5 -                    CASE NO. 34-2013-00145559-CU-MC-GDS

1  individual members of the Class are relatively small.   As a result, the expense and burden of

2  individual litigation makes it economically infeasible and procedurally impracticable for each

3  member of the Class to individually seek redress for the wrongs done to them.   Plaintiff does

4  not know of any other litigation concerning this controversy already commenced by or against

5  any member of the Class.   The likelihood of the individual members of the Class prosecuting

6  separate claims is remote.   Individualized litigation would also present the potential for

7  varying, inconsistent or contradictory judgments, and would increase the delay and expense to

8  all parties and the court system resulting from multiple trials of the same factual issues.   In

9  contrast, the conduct of this matter as a class action presents fewer management difficulties,

10  conserves the resources of the parties and the court system, and would protect the rights of

11  each member of the Class.   Plaintiff knows of no difficulty to be encountered in the

12  management of this action that would preclude its maintenance as a class action.

13       29.   <u>Injunctive Relief:</u>   Defendants have acted on grounds generally applicable to the

14  members of the Class, thereby making appropriate final injunctive relief with respect to the

15  Class as a whole.

16                    **FIRST CAUSE OF ACTION**

17               **(Violation of 15 U.S.C. §§ 1681 *et seq.*)**

18       30.   Plaintiff hereby incorporates by reference the allegations contained in the above

19  paragraphs of this Complaint as if fully set forth herein.

20       31.   Plaintiff asserts this claim on behalf of himself and the Class against

21  Defendants.

22       32.   Title 15 U.S.C. § 1681c(g)(1) provides that:

23            "... no person that accepts credit cards or debit cards for the

24            transaction of business shall print more than the last five digits of

25            the card number <u>or</u> the expiration date upon any receipt provided

26            to the cardholder at the point of sale or transaction." (Emphasis

27            added.)

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

FIRST AMENDED CLASS ACTION
COMPLAINT                          - 6 -                  CASE NO. 34-2013-00145559-CU-MC-GDS

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

33.     Defendants transact business in the United States and accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the members of the Class.  In transacting such business, Defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

34.     On or after June 4, 2008, Defendants, at the point of sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of which Defendants printed the expiration date of Plaintiff's personal credit or debit card.

35.     On or after June 4, 2008, Defendants, at the point of sale or transaction with Class members, provided, through the use of a machine, each member of the Class with one or more electronically printed receipts on each of which Defendants printed the expiration date of the respective Class member's credit or debit card.

36.     As set forth above, FACTA was enacted in 2003 and originally gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.   This was then extended until June 4, 2008 through the Clarification Act.  Defendants have thus had years to comply with the requirements of FACTA.

37.     Defendants knew of, or should have known of, and were informed about the law, including specifically FACTA's requirements concerning the prohibition on printing of expiration dates.  For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discovery, American Express and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendants about FACTA, including its specific requirements concerning the prohibition on the printing of expiration dates, and Defendants' need to comply with same.

38.     Despite knowing and being repeatedly informed about FACTA and the importance of preventing the printing of expiration dates on receipts, and despite having years to comply with FACTA's requirements, Defendants willfully violated and continue to violate

1  FACTA's requirements by, *inter alia*, printing the expiration date upon the receipts provided to

2  members of the Class – persons with whom Defendants transact business.

3       39.    Many of Defendants' business peers and competitors readily brought their credit

4  and debit card receipt printing process in compliance with FACTA by, for example,

5  programming their card machines and devices to prevent them from printing the expiration

6  date upon the receipts provided to the cardholders.  Defendants could have readily done the

7  same.

8       40.    In contrast, Defendants willfully disregarded FACTA's requirements and

9  continues to us cash registers or other machines or devices that print receipts in violation of

10  FACTA.

11       41.    Defendants willfully violated FACTA in conscious disregard of the rights of

12  Plaintiff and the members of the Class thereby exposing Plaintiff and the members of the Class

13  to an increased risk of identity theft and credit and/or debit card fraud.

14       42.    As a result of Defendants' willful violations of FACTA, Defendants are liable

15  to Plaintiff and each Class member the statutory damage amount of "not less than $100 and not

16  more than $1000" for each violation.  15 U.S.C. 1681n(a)(1)(A).

17       43.    As a result of Defendants' willful violations of FACTA, Plaintiff and the

18  members of the Class are entitled to recover costs of suit and their reasonable attorneys' fees.

19  15 U.S.C. 1681n(a)(3).

20       44.    As a result of Defendants' willful violations of FACTA, Plaintiff and the

21  members of the Class are entitled to punitive damages.  15 U.S.C. § 1681n(a)(2).

22       45.    Defendants' conduct is continuing and, unless restrained, Defendants will

23  continue to engage in their unlawful conduct.

24                     **PRAYER FOR RELIEF**

25  WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, prays for:

26       1.    An order certifying the Class and appointing Plaintiff as the representative of

27           the Class, and appointing the law firms representing Plaintiff as counsel for the

28           Class;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

FIRST AMENDED CLASS ACTION
COMPLAINT        - 8 -       CASE NO. 34-2013-00145559-CU-MC-GDS

2.   An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Defendants' willful violations;

3.   An award to Plaintiff and the members of the Class of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4.   Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

5.   Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

6.   A permanent injunction enjoining Defendants and each of them from engaging in their unlawful violations of FACTA; and

7.   For other and further relieve as the Court may deem proper.

Dated: July 24, 2013

KELLER GROVER LLP

By: _____

ERIC A. GROVER

*Counsel for Plaintiff*
RICHARD WUEST

## JURY TRIAL DEMAND

Plaintiff, on behalf of himself and the putative members of the Class, demand a trial by jury on all claims and causes of action to which they are entitled to a jury trial.

Dated:  July 24, 2013

KELLER GROVER LLP

By: _____
        ERIC A. GROVER

*Counsel for Plaintiff*
RICHARD WUEST

FIRST AMENDED CLASS ACTION
COMPLAINT                                 - 10 -              CASE NO. 34-2013-00145559-CU-MC-GDS